**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **CRIMINAL No. PWG-16-197** |
| **NATALEE FREEMAN,** | * | |
| **Defendant-Appellant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant Natalee Freeman has filed an appeal of her conviction for speeding following a bench trial before Magistrate Judge Thomas M. DiGirolamo. Having reviewed the filings, I find that although the speedometer certification for the vehicle Officer Sean Fatokon was driving should have been excluded, Magistrate Judge DiGirolamo's admission did not amount to plain error, and the evidence was still sufficient to find beyond a reasonable doubt that Freeman was speeding. Accordingly, the Court will DENY the appeal and AFFIRM Magistrate Judge DiGirolamo's ruling.

**BACKGROUND**

On February 4, 2016, Natalee Freeman was traveling to work on Suitland Parkway heading westbound towards Washington, D.C.[1] During that same time, Officer Sean Fatokon with the United States Park Police also was traveling on Suitland Parkway in the same direction

[1] These are the facts presented at trial, viewed in the light most favorable to the Government. *See* Trial Tr., Gov't Opp'n App. A, ECF No. 11-1; *see also United States v. Pasquantino*, 336 F.3d 321, 332 (4th Cir. 2003) ("We review the sufficiency of the evidence to support a conviction by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction.").

as Freeman, in response to a call concerning a motorist in need. Officer Fatokon then observed Freeman's vehicle passing him, while he was already traveling above the speed limit at 70 miles per hour ("MPH"). The posted speed limit on Suitland Parkway is 50 MPH. Based on Officer Fatokon's training and experience in visually gauging the speed of vehicles, he estimated that Freeman was traveling at a speed of 80 MPH. As such, he proceeded to move behind Freeman and pace her vehicle, so that he could monitor her speed based on his own speed. Officer Fatokon followed Freeman for about a mile. During that time, Freeman's initial speed was 75 MPH based on Officer's Fatokon's pace and speedometer, continued at 70-73 MPH, and only slowed down to about 70 MPH before he stopped her for speeding. Officer Fatokon then issued Freeman two citations, one for speeding, 75 MPH in a 50 MPH zone, based on Freeman's initial speed, and the second for driving a vehicle in excess of a reasonable and prudent speed.

On April 28, 2016, Freeman appeared before Magistrate Judge DiGirolamo and pled not guilty to both citations; subsequently a bench trial was held. Officer Fatokon was the Government's only witness, and during his testimony the Government offered into evidence a certificate of speedometer calibration for the police vehicle Officer Fatokon was driving when Freeman's citations were issued. Freeman, proceeding *pro se*, did not object, and the certification was admitted into evidence. Following the testimony of Officer Fatokon, Freeman briefly testified, stating that she was not speeding and that she believed that the citations were issued based on the unfriendly conversation she and Officer Fatokon had after he stopped her.

At the close of evidence, the trial court found Freeman guilty beyond a reasonable doubt of speeding, but not guilty for the second citation of driving in excess of a reasonable and prudent speed. Freeman then filed this timely appeal, ECF No. 1, asserting that the trial court erred by admitting the certification without requiring authentication or review by the Defendant,

and that the evidence was insufficient to support the conviction. Def.'s Br., ECF No. 10. The Government then filed its response in opposition, ECF No. 11, and Freeman submitted her reply, ECF No. 13.

**STANDARD OF REVIEW**

When appealing from a magistrate judge's decision for a petty offense, Rule 58(g)(2)(D) of the Federal Rules of Criminal Procedure states that "the scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). As such, the Court reviews "rulings on the admissibility of evidence for abuse of discretion and legal conclusions concerning the Rules of Evidence *de novo*." *United States v. Wudu*, No. 11CR130-LO, 2011 WL 5122666, at *2 (E.D. Va. Sept. 20, 2011) (citing *United States v. Rivera*, 412 F.3d 562, 566 (4th Cir. 2005)). Abuse of discretion is found only when a court "acts arbitrarily or irrationally … or commits an error of law." *United States v. Williams*, No. 10-CR-130, 2010 WL 2802457, at *1 (E.D. Va. July 14, 2010).

To preserve a claim of error, Rule 103 of the Federal Rules of Evidence provides that during trial a party must "on the record timely object … and state the specific ground." Fed. R. Evid. 103(a)(1). If a claim of error is not preserved, on appeal the Court only will review the evidentiary objection for plain error. *See United States v. Barbee*, 524 F. App'x 15, 18 (4th Cir. 2013). A court is authorized to correct an unpreserved error "'only if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights.'" *Id.* (quoting *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013)); *see also* Fed. R. Crim. P. 52(b). Courts only apply plain error "'when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of

judicial proceedings.'" *United States v. Sanders*, 189 F. App'x 207, 209 (4th Cir. 2006) (quoting *United States v. Hughes*, 401 F.3d 540, 555 (4th Cir.2005)).

**DISCUSSION**

**I. Authentication of Speedometer Certification**

Freeman failed to properly preserve her evidentiary objection to the authentication of the speedometer certification during trial. The record indicates that when given the opportunity to object to the admission of the speedometer certification, Freeman did not object and only raised one question about what the certification showed, which Magistrate Judge DiGirolamo answered. *See* Trial Tr. 7. As such, I will review its admission for plain error only. *See* Fed. R. Evid. 103(e); Fed. R. Crim. P. 52(b).

The first issue presented in Freeman's appeal is that the Magistrate Judge erred by admitting the speedometer calibration certification without requiring it to be authenticated. *See* Def.'s Br. 1. Rule 803(6) of the Federal Rules of Evidence permits as an exception to the hearsay rule business records that are "kept in the course of a regularly conducted activity of a business" and authenticated by "the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)." Fed. R. Evid. 803(6); *see also United States v. Bacas*, 662 F. Supp. 2d 481, 486 (E.D. Va. 2009). Courts have interpreted "the term 'qualified witness' broadly, requiring only someone familiar with the creation and maintenance of the records." *Id.* at 487. Additionally, Rule 902(11) of the Federal Rules of Evidence states that business records that have been certified by the custodian of records are self-authenticating, providing the certification establishes that the record meets the requirements of Fed. R. Evid. 803(6)(A)-(C) (which set out the essential elements of the business record hearsay exception). Fed. R. Evid. 902(11).

In the instant case, the Government offered the speedometer certification for Officer Fatokon's police vehicle during its direct examination of Officer Fatokon. *See* Trial Tr. 6. The certification stated: "I hereby certify under the penalties of perjury that the contents of the vehicle calibration for the aforementioned vehicle are true as it now exist to the best of my knowledge and information." Gov't Opp'n App. B, ECF No. 11-2. The certification does not include, however, a signed statement from the custodian of records or other qualified witness authenticating the document, as having been made under circumstances that meet the requirements of Fed. R. Evid. 803(6)(A)-(C). As such, the odometer certification should have been authenticated through the testimony of the custodian or another qualified witness. *See* Fed. R. Evid. 803(6); *see also United States v. Williams*, No. 10-CR-130, 2010 WL 2802457, at *3 (E.D. Va. July 14, 2010) (reasoning that although certificates had been notarized by the company that completed the calibration, the certificates were still uncertified for purposes of Rule 803(6) and 902(11) because they lacked a signature and notary verification of the custodian).

Here, the custodian of records with the United States Park Police did not testify at trial. Therefore, the only way to authenticate the certification was through the testimony of another qualified witness. Officer Fatokon was the only witness who testified for the Government, but he was not questioned about whether he was familiar with the creation and maintenance of the odometer calibration records. *See Bacas*, 662 F. Supp. 2d at 487. The only questions asked to lay the foundation for the certification were what the document was; how Officer Fatokon recognized the certification was for his vehicle as opposed to someone else's; and when the certification expired. *See* Trial Tr. 6-7. This testimony was not sufficient to establish Officer Fatokon as a qualified witness under Rule 803(6), as it answers nothing pertaining to the creation of the record. Therefore, neither the certification itself, nor Officer Fatokon's testimony

establishes that the odometer certification was made under circumstances that comply with Rule 803(6)(A)-(C), rendering the document inadmissible. *See United States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987) (finding that an employee who simply had access to company files, but "did not know the record keeping requirements of the company" was not a qualified witness under Rule 803(6)).

Accordingly, because the document was uncertified and Officer Fatokon is not the custodian of records or qualified witness under Rule 803(6), the certification should have been excluded as inadmissible evidence. *See Williams*, 2010 WL 2802457, at *4 (finding that calibration certificates which "were not supported by a proper foundation under Rule 803(6) of the Federal Rules of Evidence" should have been excluded).[2] In light of the evidence in this case, however, I find that the error does not amount to plain error, as Officer Fatokon's testimony was still sufficient to find Freeman guilty beyond a reasonable doubt of speeding. *See Porter*, 821 F.2d at 977 (finding that although business records admitted under Rule 803(6) should have been excluded because they were introduced without proper authentication, the error in admitting the documents was harmless in light of other evidence presented at trial).

## II. Sufficiency of the Evidence

Freeman also argues that the evidence presented at trial was insufficient to support her conviction. Freeman asserts that "outside of a calibration certificate there is no proof beyond a reasonable doubt of the essential element of the violation." Def.'s Br. 1. In order to review a claim of insufficient evidence, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Walker*, 885 F.

[2] The Court need not reach Freeman's improper notice argument, as the Court has already established that the certification should have been excluded. *See* Def.'s Br. 1.

Supp. 2d 814, 816 (E.D. Va. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). With that standard in mind, I find that the Government has satisfied its burden and proved beyond a reasonable doubt that Freeman was speeding.

During trial, Officer Fatokon testified that he has been a police officer for thirteen years, and over that period of time he has issued several hundred tickets to motorists. *See* Trial Tr. 21. He also testified that he is laser and radar certified, and that in order to receive that certification he must be able to visually estimate the speed of vehicles within three to five MPH. *Id.* Further, Officer Fatokon testified that his initial visual estimate of Freeman's speed was 80 MPH and that after using the pacing method to verify her speed, she was traveling at about 75 MPH, which is within the three to five MPH range his training requires. *Id.* at 22. Freeman testified that she was driving less than 50 MPH based on her own speedometer's reading, but she could not produce a calibration certificate for her speedometer, nor does she have the training and experience of Officer Fatokon. *Id.* at 16, 18.

Viewing the evidence in a light most favorable to the Government, I find that Officer Fatokon's testimony of his pace of Freeman's vehicle, combined with his testimony explaining his extensive training and experience, was sufficient to enable a rational trier of fact to find that Freeman was guilty beyond a reasonable doubt of speeding, 75 MPH in a 50 MPH zone. As a result, I find that the Magistrate Judge did not err and sufficient evidence was presented.

**III. Inconsistent Testimony**

Freeman argues for the first time in her Reply that Officer Fatokon's trial testimony was inconsistent. Def.'s Reply 1. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). However, I will address

this argument, as she is a *pro se* defendant. First, Freeman asserts that Officer Fatokon's testimony is inconsistent in that he testified both that she slowed down when he started to follow her, and that she sped up when he started to follow her. *See* Def.'s Reply 1. She contends that his testimony also is inconsistent because he visualized her speed at 80 MPH but paced her at 70–73 MPH. *Id.* I disagree.

Officer Fatokon testified that Freeman passed him while they were traveling on Suitland Parkway. *See* Trial Tr. 10. Freeman admitted that she passed Officer Fatokon, even though she maintains it was at a speed of 40 to 45 MPH. *See* Def.'s Reply 2. Officer Fatokon recognized that Freeman was speeding because he was already travelling above the speed limit at 70 MPH, so he proceeded to get behind her to conduct a pace of her vehicle. *See* Trial Tr. 10. He explained that "a pace is basically without [the officer] accelerating, just monitoring her car at a distance where [he] can evaluate her speed based with [his] speed." *Id.* When he originally got behind Freeman, "she sped up" and "[he] was accelerating trying to catch up to her." *Id.* at 10, 11. Officer Fatokon explained that when he eventually started the pace, "[they] were both doing about 75 but once she realized that [he] was behind her, she slowed down." *Id.* at 11. He then paced her at 70-73 MPH. Furthermore, Officer Fatokon's visual estimate of Freeman's initial speed at 80 MPH based on his training to visually estimate a vehicle's speed within 3 to 5 MPH bolsters this testimony. Freeman's initial paced speed of 75 MPH formed the basis for Officer Fatokon issuing Freeman the citation of traveling at 75 MPH in a 50 MPH zone. *See* Trial Tr. 11. As a result, I find that Officer Fatokon's testimony was not inconsistent, and that the Magistrate Judge did not err in finding his testimony to be credible.

**CONCLUSION**

For the foregoing reasons, I find that although the speedometer certification should have been excluded, there was still sufficient and credible evidence to prove beyond a reasonable doubt that Freeman was speeding. Therefore, Freeman's Appeal is DENIED, and Magistrate Judge DiGirolamo's ruling AFFIRMED.

**ORDER**

Accordingly, it is this 7th day of November, 2016, hereby ORDERED that:

1. The Appeal of the Magistrate Judge Decision, ECF No. 1, IS DENIED.
2. The Clerk is DIRECTED to CLOSE THE CASE.

__________/S/___________
Paul W. Grimm
United States District Judge

adl